IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRENDA LEE FORD,<br>    Petitioner,<br><br>vs.<br><br>JOE KEFFER, Warden,<br>Federal Medical Center-Carswell,<br>    Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:11-CV-718-Y |

### FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.    NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

**B.    PARTIES**

Petitioner Brenda Lee Ford, Reg. No. 26255-077, is a federal prisoner who is confined in the Federal Medical Center-Carswell in Fort Worth, Texas (FMC-Carswell).

Respondent Joe Keffer is Warden of FMC-Carswell.

## C. PROCEDURAL HISTORY

In 1995 Ford was convicted in this court of possession with intent to distribute cocaine and conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(A) and 846, and sentenced to an aggregate 324-month term of imprisonment. *United States v. Ford*, Criminal Docket # 4:95-CR-016-Y. Her sentence was reduced per court order in 2008 to an aggregate term of 262 months. (*Id.*) Petitioner has filed numerous petitions for habeas relief under 28 U.S.C. § 2241 and motions to vacate, set aside or correct her sentences under § 2255. By way of this petition, petitioner, once again, attempts to challenge her convictions and sentences under this court's § 2241 jurisdiction. Respondent has filed a motion to dismiss the instant petition for lack of subject matter jurisdiction.

## D. DISCUSSION

As petitioner is well aware, § 2241 is typically used to challenge the manner in which a sentence is executed. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255 is the primary means under which a federal prisoner may collaterally attack the legality of a conviction or sentence. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 petition attacking a federal conviction or sentence may be considered if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, petitioner must show that (1) her claim is based on a retroactively applicable Supreme Court decision, (2) her claim was foreclosed by circuit law at the time when the claim should have been raised in her trial, appeal, or first § 2255 motion, and (3) that retroactively

2

applicable decision establishes that she may have been convicted of a nonexistent offense. *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Petitioner first claims that the "drug type and drug quantity" are elements of an offense under § 841 that the government is required to prove beyond a reasonable doubt. Because neither her "jury instructions nor indictment alleged a drug amount," petitioner argues her convictions and sentences should be nullified. (Pet.[1]; Pet'r Resp. at 4-5) In support, she cites the Supreme Court's decision in *United States v. DePierre*, — U.S. —, 131 S. Ct. 2225 (2011). *DePierre*, however, was narrow and does not support petitioner's assertion. The question presented in *DePierre* was whether the text of former 21 U.S.C. § 841(b)(1)(A)(iii), wherein 50 grams or more of "cocaine base" triggered a mandatory minimum ten-year sentence, encompasses solely crack cocaine or any form of cocaine in its "basic form." The Supreme Court upheld the First Circuit Court of Appeals's decision that "cocaine base" refers to cocaine in its "basic form," and not solely crack cocaine. *Id.* at 2237. *DePierre* is inapplicable to this case. Moreover, *DePierre* is not a retroactively applicable Supreme Court decision that establishes that petitioner may have been convicted of a nonexistent offense.

Second, petitioner claims that a crime-of-violence sentence enhancement was improper under *Johnson v. United States*, — U.S. —, 130 S. Ct. 1265 (2010), because one of her prior robbery convictions involved "a slight bump or push without force." (Pet.; Pet'r Resp. at 2-4) Thus, she asserts she is actually innocent of the enhanced adjustment. (*Id.* at 3-4) This matter has been decided against petitioner by this court and the Fifth Circuit in her prior § 2241 habeas action. *Ford*

---

[1]The petition is not paginated.

3

v. *United States*, 423 Fed. Appx. 433, 2011 WL 1659375, at *1 (5th Cir. Apr. 27, 2011) (not designated for publication); *Ford v. United States*, Civil Action No. 4:10-CV-523-Y.

Petitioner has not made the showing required to invoke the savings clause of § 2255 as to the claims presented in this habeas corpus proceeding, and the court is therefore without jurisdiction to consider the petition. *See Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

## II. RECOMMENDATION

Based on the foregoing, it is recommended that the petition for writ of habeas corpus under § 2241 be dismissed for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 26, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that

are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until January 26, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January ____5____, 2012.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE